IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| Thsia Briggins, et al. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. |
| Tri Staffing, Inc., Elwood Tri, Inc. and Honda Manufacturing of Alabama, LLC | § § § § § § | COLLECTIVE ACTION |
| Defendants. | § § § § | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff THSIA BRIGGINS, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through her counsel, for their Complaint against Defendants, TRI STAFFING, INC., ELWOOD TRI, INC., and HONDA MANUFACTURING OF ALABAMA, LLC (Collectively "Defendants"), seeks to recover for Defendants' violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby state and allege as follows:

## INTRODUCTION

1. This is a representative action brought pursuant to FLSA § 216(b) by Plaintiff on behalf of herself and all other similarly situated current and former production employees working at the Honda manufacturing facilities located in

Talladega County, in the state of Alabama, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. In the last 3 years, Defendant Tri Staffing jointly employed with Defendant Honda, full time production employees working at Defendant Honda's plants.

3. In the last 3 years, Defendant Elwood Tri, Inc., formerly Tri Staffing Inc., jointly employed with Defendant Honda, full time production employees working at Defendant Honda's plants.

4. Defendant Honda manufactures automobiles at its plants located in Lincoln, Alabama. At any given time, Defendant Honda employs roughly 4500 full time employees of whom 40% are paid utilizing the payrolls of Defendants Tri-Staffing, Inc. and Elwood Tri, Inc. The complained of unlawful compensation practices at issue in this Complaint occurred at Defendant Honda's plants and has affected Defendants' present and former employees at this location.

5. Defendants uniformly deny overtime premium pay to their employees by requiring "non-exempt" employees to work off the clock before their shift starts and while on their unpaid meal break. Defendant's deliberate failure to pay

these employees for all hours worked and their deliberate failure to pay Plaintiffs overtime compensation as a result violates federal law as set out in the Fair Labor Standards Act.

6. Plaintiffs perform multiple tasks, but are all victims to the same illegal policy and practice of failing to pay for all hours worked and resulting overtime.

## JURISDICTION AND VENUE

7. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. The Court has subject matter jurisdiction over Plaintiffs' FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendants operate in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

9. Defendants operate businesses in Alabama.

10. Plaintiff and potential opt-in plaintiffs are current and former production line employees found on Tri Staffing, Inc. or Elwood Tri, Inc.'s payroll, who work or have worked at Honda's Lincoln Alabama Plant 1 (otherwise known as Line 1, Odyssey Line) and or Plant 2 (otherwise known as Line 2, Pilot Line), within the last three years and can be categorized as production line employees.

11. Plaintiff is a resident and domiciled in the State of Alabama.

12. Plaintiff has concurrently filed her Consent to Join pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

## GENERAL ALLEGATIONS

13. From October 2006 until Present, Plaintiff Thsia Briggins has worked for Defendants.

14. Plaintiff has worked various positions within Production.

15. Plaintiff is paid on an hourly basis.

16. Plaintiff and others similarly situated are required to report to their positions off the clock before the shift's start time in order to, among other activities, set up their work areas, calibrate equipment, graph calibration results, etc. These activities are performed again off the clock during Plaintiff's unpaid meal period.

17. Defendants suffered and permitted Plaintiff and others similarly situated to work off the clock with actual or constructive knowledge of employees off the clock activities.

18. Under Defendants' methods of recording time, Plaintiff was paid for a twelve hour shift regardless of the hours actually punched and as a result was not compensated time and a half for all hours worked over forty (40) in a work week.

19.     Plaintiff and others similarly situated are paid hourly and periodically receive a compensation check equal to one month of pay and this compensation is not calculated into Plaintiff's regular rate of pay and as such Plaintiff's overtime rate during that applicable period is incorrect.

20.     In addition to depriving Plaintiff and others similarly situated of overtime wages, Defendant's failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay in excess of the hours clocked on their time sheet.

## COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly situated former and current employees of the Defendant. The potential class of "opt-in" employees can be defined as:

> ***All current and former Honda Plant 1 and Plant 2 Production line Employees, paid by Tri Staffing, Inc. and or Elwood Tri, Inc., under a compensation system where employees were paid pursuant to scheduled time and not compensated for all actual hours worked pre-shift and while on unpaid meal break and as a result were not paid overtime at the rate of time and a half for all hours worked over forty (40).***

22. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

23. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked, practice of miscalculating the overtime rates in weeks where bonuses were paid, and failing to pay employees for all hours worked, including overtime compensation.

24. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

25. Potential collective action members may be informed of the pendency of this class action through direct mail and plant posting. Plaintiff believes 2000 plus employees were affected by this illegal pay policy.

26. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a) Whether Plaintiffs were compensated for all hours worked;

    b) Whether Plaintiffs worked more than forty hours per week;

c) Whether Plaintiffs were compensated time and one half their "regular rate" for all hours worked over forty in any and all weeks;

d) Whether Defendant's practices accurately account for the time Plaintiffs actually are working;

e) Whether Defendants' compensation policy and practice is illegal; and

f) Whether Defendants had a policy and practice of willfully failing to record and compensate employees for overtime; and

27. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

28. The Collective Action Representative's claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

29. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated

current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

30. The Collective Action Representative is an adequate representative of the similarly situated current and former employees because they are employees of the same manufacturing plant and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

31. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

## COUNT I

## Violation of the Fair Labor Standards Act of 1938
### (Brought Against Defendant by Individually Named Plaintiff and on Behalf of All Others Similarly Situated)

32. Plaintiff reassert and incorporate by reference paragraphs 1 - 31 as set forth above as if fully restated herein.

33. At all time material herein, Plaintiff have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

34. The individually named Plaintiff and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice, in violation of the FLSA.

35. Defendants violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

36. Defendants violated the FLSA by failing to pay for donning and doffing of required non-unique equipment, integral to the principle work activity.

37. Defendants failed to account for and pay for time walking to and from the designated time clock areas to break areas.

38. Defendants failed to account for and pay for time spent clearing security and for time walking to and from security to designated time clock areas.

39. Defendants failed to pay for breaks that are otherwise compensable or alternatively for walk time to and from unpaid meal break areas, time spent

donning and doffing on required non-unique equipment, and washing activities associated with meal breaks.

40. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

41. Defendants was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

42. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

43. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the two years preceding the filing of this Complaint.

44. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the

Plaintiffs the following relief:

    a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former employees.

    b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendants' actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

    c) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

    d) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue and Order directing Defendants to reimburse Plaintiff and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues triable by jury under Alabama and federal law.

Dated: 10/7/08

Respectfully submitted,

**THE COCHRAN FIRM, P.C.**

/s/ Robert J. Camp
**ROBERT J. CAMP**
505 North 20th Street, Suite 825
Birmingham, AL  35203
(205) 930-6900 (Phone)
(205) 930-6910 (Fax)

*Attorney for Plaintiffs*