IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **THSIA BRIGGINS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) 1:08-CV-1861-KOB |
| | ) |
| **ELWOOD TRI, INC. and** | ) |
| **HONDA MANUFACTURING OF** | ) |
| **ALABAMA, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant Elwood TRI's Motion for Summary Judgment Regarding Opt-In Plaintiffs who Failed to Disclose Claims Against Elwood TRI in Bankruptcy Petitions (doc. 113). Elwood's co-defendant, Honda Manufacturing of America ("HMA") also filed a similar motion for summary judgment (doc. 141), which simply adopted the statements of fact and law set forth in Elwood's motion for summary judgment. The parties fully briefed the issue and the court held a hearing on this matter on January 13, 2012. For the reasons stated on the record and summarized below, the court hereby GRANTS Defendant Elwood's Motion for Summary Judgment as to specific plaintiffs only; DENIES Defendant Elwood's motion as to Plaintiff Stanley Williams; and GRANTS Defendant HMA's Motion for Summary Judgment, noting that HMA withdrew its motion as to Plaintiff Williams at the hearing.

*Plaintiffs dismissed for lack of standing*

The Defendants moved to dismiss ten Plaintiffs who had filed for Chapter 7 bankruptcy or

1

converted their Chapter 13 petition to a Chapter 7 based on lack of standing: Kurnita Boyd, Kathey McCoy, Chiquette Montgomery, Ashley Rich, Alicia Rosetti, Dorothy Smith, Dwarnella Breckenridge, Daniel Hazelwood, Bryan Arnold, and Queen Littlepage. Under 11 U.S.C. § 541(a)(1), "all legal or equitable interests of the debtor in property as of the *commencement* of the case" belong to the bankruptcy estate. (Emphasis added). The Eleventh Circuit has interpreted this provision as giving only the trustee the right to pursue a pre-petition claim, unless the trustee abandons the asset back to the debtor. *See Parker v. Wendy's Intl., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). Thus, the Defendants assert that these Plaintiffs' FLSA claims belong to the trustee in each Plaintiff's respective bankruptcy so that the Plaintiffs lack standing to pursue those claims. The court agrees with the legal principle.

Although the Defendants initially moved to dismiss ten opt-in Plaintiffs, Elwood conceded in its reply brief and at the hearing that three of these ten Plaintiffs were not due to be dismissed because they had filed their opt-in consent forms after filing for bankruptcy: Kathey McCoy, Chiquette Montgomery, and Dorothy Smith. Furthermore, three of these ten plaintiffs— Dwarnella Breckenridge, Queen Littlepage, and Alicia Rosetti— had already been dismissed as barred by the statute of limitations in a prior order (doc. 143). As to the remaining four Plaintiffs, the court finds that their FLSA claims became part of the bankruptcy estate and that only the trustee has standing to assert them. Accordingly, the court DISMISSES without prejudice[1] the following four Plaintiffs for lack of standing:  Kurnita Boyd, Ashley Rich, Daniel Hazelwood, and Bryan Arnold.

---

[1] The court dismisses these Plaintiffs without prejudice because they could potentially restate their FLSA claim if the trustee in their respective bankruptcy cases abandons the claim back to the Plaintiff. The court notes, however, that even if a Plaintiff were to regain standing to assert their FLSA claim, the Plaintiff would still be dismissed with prejudice based on judicial estoppel, as explained in the following section.

*Plaintiffs judicially estopped from asserting their FLSA claims*

The Defendants also move to dismiss Plaintiffs who failed to disclose their FLSA cases in bankruptcy proceedings under the doctrine of judicial estoppel. The purpose of this doctrine "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)). The Eleventh Circuit has directed courts to consider two factors in applying judicial estoppel: "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes*, 291 F.3d at 1285.

The Eleventh Circuit has recognized the importance of full and honest disclosure in bankruptcy. It thus requires debtors to disclose all assets or potential assets upon petitioning for bankruptcy, and also requires debtors to amend their disclosures if their financial circumstances change. *See Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010). Because these disclosures are made under oath, courts routinely find that plaintiffs take inconsistent positions if they fail to disclose pending legal claims in bankruptcy. *See, e.g.*, *In re Tyson Foods, Inc.*, 732 F. Supp. 2d 1363, 1370 (M.D. Ga. Aug. 5, 2010) (explaining that the plaintiffs in that case "[did] not seriously dispute that their failure to disclose their FLSA claims to the bankruptcy court satisfies the [requirement of inconsistent positions]," and citing other courts finding that a plaintiff took an inconsistent position when not disclosing legal claims in bankruptcy).

To invoke judicial estoppel, these inconsistencies must also be intentional, and not the result of simple error or inadvertence. In bankruptcy cases, "the debtor's failure to satisfy its statutory duty

3

is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Robinson*, 595 F.3d at 1275 (11th Cir. 2010) (quoting *Barger v. City of Cartersville*, 348 F.3d 1289, 1295–96 (11th Cir. 2003). If the debtor has knowledge of an undisclosed claim and a motive to conceal the claim, this court may infer intent from the record. *See Robinson*, 595 F.3d at 1275 (citing *Burnes*, 291 F.3d at 1285).

Although the Eleventh Circuit allows courts to infer intent to make a mockery of the judicial system from these two factors, not all courts will dismiss plaintiffs who failed to disclose a claim or amend their debtor's schedules, even where they have knowledge of the undisclosed claims and a motive to conceal them. *See Roots v. Morehouse Sch. of Med.*, 2009 U.S. Dist. LEXIS 114141, at *22–27 (N.D. Ga. Dec. 8, 2009) (finding that various plaintiffs who failed to amend their debtor's schedule after acquiring an FLSA cause of action were not judicially estopped from pursuing their claim); *Jackson v. Adv. Disposal Serv.*, 2008 U.S. Dist. LEXIS 28273, at *11–16 (M.D. Fla. Apr. 8, 2008) (explaining that a court need not necessarily infer intent from knowledge of undisclosed claims and motive to conceal them, and declining to find judicial estoppel on summary judgment when the plaintiff presented evidence to justify a contrary inference); *Snowden v. Fred's Stores of Tenn.*, 419 F. Supp. 2d 1367, 1372–74 (M.D. Ala. 2006) (explaining that the Eleventh Circuit did not create a bright-line rule on judicial estoppel in the bankruptcy context and finding that the plaintiff's failure to amend her debtor's schedule did not give rise to judicial estoppel). In these three cases, the district courts cited evidence submitted by the plaintiffs that provided a contrary inference to that created by the Eleventh Circuit in *Burnes*. *See Roots*, 2009 U.S. Dist. LEXIS 114141, at *12–13 ("According to affidavits provided by Plaintiffs, [they] were unaware that they needed to disclose to the bankruptcy court their FLSA claims against Defendant. According to [one plaintiff]'s

affidavit, as soon as she learned she might have to report her claim in this litigation to the bankruptcy court, she spoke with her bankruptcy attorney."); *Jackson*, 2008 U.S. Dist. LEXIS 28273, at *15 ("[W]here a plaintiff presents sufficient material to raise a reasonable contrary inference, summary judgment on a judicial estoppel defense is inappropriate."); *Snowden*,[2] 419 F. Supp. 2d at 1374 ("Although [the plaintiff] certainly could have moved more expeditiously in amending her bankruptcy schedule after April 2005, such a delay is just as easily attributable to being busy as intending to mislead the bankruptcy court.") (internal footnote omitted).

Although the court acknowledges these cases and agrees with the Plaintiffs that judicial estoppel is a flexible doctrine, these Plaintiffs have not provided this court with any direct evidence to contradict the inference of intent and create a genuine issue of material fact. Not one Plaintiff presented an affidavit offering any justification or excuse to negate the element of intent Accordingly, the court concludes that almost none of the Plaintiffs have raised a genuine issue of material fact that their failure to disclose their FLSA claims in bankruptcy was the result of "simple error or inadvertence" instead of an intent to take inconsistent positions.

The court finds, however, that sufficient evidence exists as to one Plaintiff, Stanley Williams, that his failure to disclose his FLSA claim against Elwood or amend his debtor's schedule in bankruptcy was the result of simple error or inadvertence. As Elwood candidly represented in its

---

[2] The court recognizes that the district court in *Snowden* based its holding more on the lack of evidence demonstrating intent to mislead than it did on affirmative evidence rebutting the inference of intent to mislead. *See Snowden*, 419 F. Supp. 2d at 1374 ("The court recognizes that a delay in amending bankruptcy filings can be probative of a party's intent . . . . However, four months, *without more evidence indicating an intent to mislead*, is too short a time to be conclusive . . .") (emphasis added). Nevertheless, the court in *Snowden* had some evidence, such as the short time between the plaintiff acquiring her claim and the defendant filing its motion for summary judgment, on which to draw a contrary inference. As this court explains in the text below this footnote, the court is open to drawing a contrary inference when it has evidence allowing it to do so, as it did with Plaintiff Stanley Williams.

brief, Stanley Williams did include his FLSA claim against HMA, but not against Elwood. In light of this evidence regarding Stanley Williams, HMA moved at the hearing to withdraw its motion for summary judgment as against Stanley Williams. Elwood, nevertheless, continued to argue that Stanley Williams should be dismissed. This court disagrees, and finds that Stanley Williams's conduct raises a genuine issue of material fact about whether his failure to also disclose his FLSA claim against Elwood was inadvertent. Accordingly, the court DENIES Elwood's motion for summary judgment on Stanley Williams's claim.

As to all other opt-in Plaintiffs, for whom the Plaintiffs provided no evidence showing inadvertence or simple error in failing to disclose their FLSA claims in their bankruptcies, the court GRANTS summary judgment, and accordingly DISMISSES with prejudice the following Plaintiffs:[3] Rachel Ayerite, Clint Baldwin, Ladonna Barclay, Barbara Bradley, Rhonda Brown, Canvase Byers, Jacqueline Cooley, Schnail Crowe-Lauderdale, Sharonica Embry, Bryan Fink, LaKenya Gibbs, Candice Hill, Dwight Hill, DeAndre Hines, Lisa Jackson, Mirtha Johnson, Carolyn Jones, Melissa Renee Jones, Hannetta Kirkland, Wallace Lawson, Tiarra McAphee, Savella McAphee, Michael McClain, Kathy McCoy, JoAnn Meadows, Chiquette Montgomery, Chenoa Murray, Orlandez Pickett, Melanie Pinkston, Angela Ransfer, Janet Reeves, Nancy Schneider, LaShonne Simpson, Dorothy Smith, Lestrina Smith, Deundreaus Sparks, Antonio Stephens, Harolette Ausha Stockdale, Darlene Stone, Sujutoria Truss, Linda Turner, Elliott Wallace, Tawanda Warwick, Tamika Watkins, Kyra Welch, Devako Wynn, Tomeka Wynn, Chantel White, and Kizzie Zackery.

Because HMA's motion for summary judgment (doc. 141) simply adopts the statement of

---

[3] Although the defendants moved to dismiss more plaintiffs than those listed in this opinion, the court notes that it already dismissed a number of plaintiffs as barred by the statute of limitations in its previous order filed November 23, 2011 (doc. 143). These plaintiffs include Cynthia Adair, Stacey Crowe, Carrol Moorer, and Virginia Carmichael.

law and fact from Elwood's motion for summary judgment, the court GRANTS HMA's motion for the same reasons.

    DONE and ORDERED this 24th day of January, 2012.

                                                     */s/ Karon O. Bowdre*
                                                     KARON OWEN BOWDRE
                                                     UNITED STATES DISTRICT JUDGE