FILED
2013 Feb-01  AM 11:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **THSIA BRIGGINS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **1:08-CV-01861-KOB** |
| | ) | |
| **ELWOOD TRI, INC. and** | ) | |
| **HONDA MANUFACTURING OF** | ) | |
| **ALABAMA, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the court on the Plaintiffs' "Motion to Stay Pending Appeal and, in the Alternative, for Protective Order." (Doc. 201). The Plaintiffs request a stay of the proceedings in this court pending the appeal of this court's dismissal with prejudice of 249 former opt-in plaintiffs who had not paid the requisite filing fee after this court decertified the class. (Docs. 191 and 192). For the reasons listed below, the court will DENY the Plaintiffs' request for a stay or in the alternative, for a protective order.

<u>Procedural Background</u>

On October 8, 2008, Thsia Briggins filed this action on behalf of herself and those similarly situated, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). This court initially conditionally certified the class but then decertified the class on March 29, 2012. (Doc. 167). Upon decertification, the court severed the opt-in plaintiffs' cases into individual lawsuits and ordered each plaintiff to pay the required filing fee by May 31, 2012, or have their case dismissed with prejudice. *Id.* On August 15, 2012, this court dismissed with

1

prejudice the claims of those plaintiffs who did not pay the filing fee. (Docs. 191 and 192). On September 14, 2012, those former plaintiffs filed a notice of appeal to the Eleventh Circuit. (Doc. 194).

For the convenience of the parties, the court has allowed consolidation of the individualized cases for discovery. (Doc. 167). On August 24, 2012, Magistrate Judge Armstrong entered an order accepting the Defendant's proposed discovery schedule for the parties remaining in the suits, which included the plaintiffs who paid the requisite filing fee. (Doc. 193). The Plaintiffs now seek to stay the individualized discovery procedures set forth in this case pending the appeal of the former plaintiffs.

Legal Discussion

As a preliminary matter, the court DENIES the Plaintiff's alternative motion for a protective order because the Plaintiffs do not support their request with any argument or authority and effectively abandon the request in their reply.  *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned).

In deciding whether to issue an injunction pending appeal, the Eleventh Circuit requires the movant to show: "(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury . . . unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *Touchston v. McDermott,* 234 F.3d 1130, 1132 (11th Cir. 2000) (citing *In re Federal Grand Jury Proceedings*, 975 F.2d 1488, 1492 (11th Cir.1992); *MacBride v. Askew,* 541 F.2d 465 (5th

Cir.1976)). Although the Plaintiffs request a stay and not an injunction, the effect of a stay in the discovery proceedings would be the same as enjoining the defendants from enforcing the discovery order. The Plaintiffs did not provide the court with any standard to utilize in considering this motion and both parties acknowledged the four factor standard in their briefing. Thus, the court will utilize the above standard for movants seeking an injunction pending appeal to determine whether the plaintiffs have demonstrated a need for a stay in this case.

As to the first showing, the Plaintiffs have not cited any case reversing a district court's decertification of a class of opt-in plaintiffs in an FLSA collective action to support the claim that their appeal is likely to succeed on the merits. The Eleventh Circuit reviews this court's decertification decision for an "abuse of discretion," reversing only for a "clearly erroneous" decision. *See Morgan v. Family Dollar*, 551 F.3d 1233, 1260 (11th Cir. 2008). The Plaintiffs have failed to show that a "substantial likelihood" exists that the appeal of this court's decertification will succeed on the merits.

Further, the Defendants argue that the Eleventh Circuit lacks jurisdiction to even hear the former opt-in plaintiffs' appeal because they lack standing to appeal the decertification order. The court agrees with the Defendants that the *former* plaintiffs may not have standing to appeal the decertification and proceed in a collective action because they suffered no "actual or imminent injury" sufficient to confer standing. *See Swann v. Sec'y, Ga.*, 668 F.3d 1285, 1288 (11th Cir. 2012) ("The Supreme Court has explained that the irreducible constitutional minimum of standing under Article III consists of three elements: an actual or imminent injury, causation, and redressability.") (citations omitted). By decertifying the class, the court may have deprived the former opt-in plaintiffs of the procedural right to proceed in an FLSA collective action;

3

however, all of the former opt-in plaintiffs were given an opportunity to proceed in an individual action against the Defendants. When the appealing former plaintiffs failed to pay the required filing fee, they forfeited their rights to proceed.

The court is also dubious that these *former* opt-in plaintiffs, no longer parties to this action, have standing in the district court action to request a stay of the discovery proceedings. Simply because the former plaintiffs and those plaintiffs still parties to these separate but consolidated actions used to be members of the same opt-in class and have the same counsel does not automatically link the two categories of litigants so that the court must delay the consolidated cases while the other is on appeal.

As to the second showing, the Plaintiffs do not point to any irreparable injury that they substantially risk suffering should the court proceed with its outlined discovery plan. The Plaintiffs generally state that without a stay, the current discovery plan "will be extremely expensive for all parties." (Doc. 201, at 6). Even when litigation expense is "substantial and unrecoupable," it does not constitute irreparable injury. *See Triangle Const. & Maintenance Corp. v. Our Virgin Island Labor Union*, 425 F.3d 938, 947 n.8 (11th Cir. 2005) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)). The Plaintiffs' claim that denying the stay would be expensive is not sufficient to justify this court entering a stay in the current proceedings.

The Defendants oppositely claim that staying the case would prejudice them because it would be very expensive to further delay discovery. (Doc. 203, at 9). The court need not accept either party's argument of litigation expense as injury, but the Plaintiffs bear the burden of showing that staying the case will *not* harm the Defendants, which they failed to do. Although

4

expense is not enough to show injury, the court is sympathetic to the Defendants' argument that the actions giving rise to these cases occurred seven and eight years ago and any further delay in taking depositions and conducting written discovery on these claims would be practically difficult in a case with over two hundred individual plaintiffs.

Finally, the Plaintiffs do not make any argument that staying the case will not harm the public interest. The Plaintiffs have failed to establish the four elements necessary for this court to grant the extraordinary remedy of a motion staying discovery while the former plaintiffs appeal their dismissal from the case.  Alternatively, even if the Plaintiffs were able to make this showing, the court, in its discretion, finds that judicial efficiency weighs against staying the district court proceedings and further delaying discovery in the consolidated cases. The court DENIES the Plaintiffs' motion for a stay or for a protective order.

DONE and ORDERED this 1st day of February, 2013.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE